IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE A. SHERRY,  :

      Plaintiff,  : Case No. 3:15-cv-107

vs.  : JUDGE WALTER H. RICE

CAROLYN W. COLVIN,  : CHIEF MAGISTRATE JUDGE
Acting Commissoner of Social Security,    SHARON L. OVINGTON

      Defendant.  :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #10) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #11) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On May 12, 2016, Chief Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #10, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #10, and in the Defendant's Response to Plaintiff's Objections to that judicial filing, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative

Transcript, Doc. #6, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence.  The Plaintiff's Objections to said judicial filing, Doc. #11, are overruled.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is affirmed.

In reviewing the Commissioner's decision, the Chief Magistrate Judge's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made.  This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence."  *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938).  "Substantial evidence means more than

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The decisions of the Administrative Law Judge ("ALJ") to assign great weight to the opinions of one of Plaintiff's treating physicians, Dr. James McNerney, and the two agency consulting physicians, Drs. Dmitri Teague and Eli Perencevich, and to assign minimal weight to the opinion of another of Plaintiff's treating physicians, Dr. Georges Yacomb, Doc. #6, PAGEID #47-48, were supported by substantial evidence. The ALJ noted that Dr. Yacomb "does not provide the findings of the examination in his treatment notes," and that "his opinion that the claimant should avoid any exposure to inhaled irritants is not supported by any objective findings." *Id.*, PAGEID #47. The lack of support for Dr. Yacomb's conclusions meant that controlling weight could not be given to his opinion, 20 C.F.R. § 404.1527(c)(2), and the opinion's inconsistency with the rest of the evidence of record, supported the ALJ's decision to assign the opinion little weight. 20 C.F.R. § 404.1527(c)(4).

However, the ALJ noted that the opinions of Dr. McNerney were "consistent with the overall medical evidence in the record and are supported by the physical findings in both Dr. McNerney's treatment notes as well as [another doctor's] physical examination notes." Doc. #6, PAGEID #47.[2] Similarly, the ALJ noted that Drs. Teague and Perencevich's assessments were "rendered by expert medical personnel[,] . . . they are consistent with the other objective medical evidence of record and they are consistent with

---

[2] As a treating source, the consistency and supportability of Dr. McNerney's findings arguably meant that his opinion should have been given controlling, rather than great, weight. 20 C.F.R. § 404.1527(c)(2). However, Dr. McNerney's only opined limitation was that Plaintiff "might need long-term disability from [Skydrol]," Doc. #6, PAGEID #47 (citation omitted), and, as discussed below, the ALJ incorporated that limitation into Plaintiff's residual functional capacity ("RFC"). *Id.*, PAGEID #43. Thus, a proper application of the treating physician rule, 20 C.F.R. § 404.1527(c)(2), would not have altered the RFC.

4

the claimant's alleged activities of daily living." *Id.*, PAGEID #48.  The consistency of opinions with other evidence of record and, for Drs. Teague and Perencevich, their familiarity with the Commissioner's programs, are valid considerations in weighing non-examining medical opinions.  20 C.F.R. § 404.1527(c)(3), (c)(6).  Thus, the ALJ's weighing of medical opinions is not a ground on which to reverse the Commissioner's decision.

     2.    The ALJ set forth a residual functional capacity ("RFC") that sufficiently accounted for Plaintiff's impairments.  The restriction of "avoid[ing] even moderate exposure to hazards or chemical fumes" accounted for the severe impairments of "irritative rhinitis, irritative pharyngitis, and pneumonitis due to chemical inhalation," which he found at step two.  Doc. #6, PAGEID #42, 43.  The restriction also accounted for any need to avoid exposure to multiple sources of workplace hazards or fumes, despite Dr. McNerney opining that "the claimant's condition is completely related to exposure to a specific chemical, Skydrol."  *Id.*, PAGEID #47.  Moreover, while Plaintiff's "representative stated that the claimant would not be able to tolerate the colognes/perfumes of coworkers, or sprayed scents in the work place . . . there is no medical evidence to support this allegation."  *Id.*  Accordingly, excluding such a limitation from the RFC was appropriate.

     3.    The ALJ explained that, in concluding that Plaintiff's statements regarding more severe restrictions were "not fully credible," he considered that:  the only limitation opined by Dr. McNerney was chemical sensitivity; Plaintiff's activities of daily living; and

that his alleged inability to lift more than fifteen pounds was not supported by evidence of record. Doc. #6, PAGEID #47-48. While Plaintiff is correct that his testimony regarding daily activities does not mean that he "could do any of these activities on a sustained basis," Doc. #11, PAGEID #426 (quoting *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013), substantial evidence existed to support the ALJ's credibility determination even without that testimony. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference," *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); as there is no compelling reason to disturb those findings, they must be upheld. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the Chief Magistrate Judge, Doc. #10, in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Plaintiff's Objections to said judicial filing, Doc. #11, are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

August 19, 2016

                               WALTER H. RICE, JUDGE
                               UNITED STATES DISTRICT COURT

Copies to:

Counsel of record